

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THOMAS P. VALET and JOSEPHINE VALET,

                Plaintiffs,

-against-

THE UNITED STATES OF AMERICA,

                Defendant.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-04-4957(FB)

*Appearances:*
*For the Plaintiffs:*
THOMAS P. VALET, Esq., *Pro Se*
113 East 37th Street
New York NY 10016

*For the Defendant:*
ROSLYNN R. MAUSKOPF, Esq.
United States Attorney
By: Diane Leonardo Beckman
Assistant U.S. Attorney
610 Federal Plaza, 5th Floor
Central Islip, NY 11722

**BLOCK, Senior District Judge:**

      *Pro se* plaintiffs Thomas P. Valet and Josephine Valet (the "Valets") filed suit against the United States of America ("U.S." or "United States") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, alleging that the operation of a U.S. postal facility near their home in Holbrook, New York constitutes a continuing nuisance. The Valets seek damages and permanent injunctive relief against the United States. The United States moves to dismiss the suit pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that (1) the action is barred by the FTCA's two-year statute of limitations and (2) the discretionary

1

function exception shields the United States from liability. The United States also seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that nuisance is not a cognizable claim under the FTCA. For the reasons stated in open court on March 6, 2006, and as further explained herein, the motion is denied.

I.

According to the allegations contained in the Valets' complaint, which are taken as true for purposes of the 12(b)(6) motion, the United States Postal Service ("USPS") designed and constructed a postal facility in a residential location near the Valets' home in or about 1999; the facility operates from 3:00 a.m. through 6 p.m., 365 days a year, and has been in continuous operation since January 4, 2000. Since the facility's inception, postal employees operating the facility's loading dock have allegedly generated an excessive and unreasonable amount of noise in carrying out their duties, including honking truck horns to announce their arrival and departure, loud shouting, banging of metal mail containers against the sides of the mail trucks, and leaving the trucks' diesel engines idling for extended periods of time. On December 4, 2002, the Valets presented an Administrative Tort Claim for Damage, Injury, or Death to the USPS. No administrative disposition has been made; the Valets filed the present suit on November 1, 2004.[1]

The United States argues that a claim under the FTCA accrues when it is

---

[1] 28 U.S.C. § 2675(a) provides that a party may not file suit under the FTCA in federal court prior to the appropriate federal agency's denial of that party's administrative claim; however, "[t]he failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id.*

2

discovered, and because the Valets' administrative claim was filed more than two years after the alleged nuisance began, their suit is barred by the statute of limitations.[2] The Court disagrees.

In *Syms v. Olin Corp.*, 408 F.3d 95, 107 (2d Cir. 2005), the Second Circuit declined to address whether a claim for continuing tort is cognizable under the FTCA, but noted that if it were, the substantive law of the place where the tort allegedly occurred would determine its viability. *See id.* at 108-09 ("assuming a continuing tort claim could be brought under the FTCA to recover damages for injuries sustained in the two years before the filing of the claim, such claim would have to be valid under local law"). New York recognizes the tort of continuing nuisance, pursuant to which "continuous injuries to real estate caused by the maintenance of a nuisance . . . create separate causes of action barred only by the running of the statute against the successive trespasses." *Jensen v. General Electric Co.*, 82 N.Y.2d 77, 85 (1993). Although the Second Circuit has not ruled on the issue, a number of courts outside the Second Circuit have answered in the affirmative the question left open by *Syms*; these courts have applied the concept of continuing tort in cases brought pursuant to the FTCA to allow recovery of damages caused by a continuing tort, even if the wrongful act commenced more than two years prior to the date upon which the claimant filed an administrative claim.[3] The Court finds these decisions to be

---

[2]28 U.S.C. § 2401(b) provides that a claim under the FTCA must be "presented in writing to the appropriate federal agency within two years after such claim accrues."

[3]*See, e.g., Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003); *Huffman v. United States*, 82 F.3d 703, 705 (6th Cir. 1996); *Arcade Water District v. United States*, 940

persuasive, and holds that because New York recognizes a cause of action for continuing nuisance, pursuant to which each repetition of the wrongful act constituting the nuisance constitutes a new claim, the Valets will be permitted to seek recovery based upon those actions that occurred within the period commencing two years prior to the filing of their administrative claim.

The United States' second argument, that the discretionary function exception ("DFE") shields it from liability under the FTCA, fails. The determination whether the discretionary function exception shields the government from liability for a particular action involves application of a two-step analysis. At the first step, the court considers whether the challenged act "'involv[es] an element of judgment or choice,'" *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)); if so, the court must then decide whether "the decision in question was grounded in considerations of public policy." *Coulthurst v. United States*, 214 F.3d 106, 110 (2d Cir. 2000) ("[P]roperly construed, the [discretionary function] exception protects only governmental actions and decisions based on considerations of public policy." (citations and quotation marks omitted)).

Because neither the location nor operating hours of postal facilities are matters mandated by statute or regulation, and because these are the types of decisions taken in furtherance of the USPS's mission and are grounded in considerations of public

---

F.2d 1265, 1267 (9th Cir. 1991); *Page v. United States*, 729 F.2d 818, 821-22 (D.C. Cir. 1984); *Gross v. United States*, 676 F.2d 295, 300 (8th Cir. 1982).

policy, the DFE shields the United States from liability for such decisions.[4] However, the careless, unreasonable and excessively noisy actions allegedly taken by the USPS employees while carrying out their duties at the postal facility's loading dock do not satisfy the second step of the DFE analysis. These actions "do not reflect the kind of considered judgment grounded in 'social, economic, and political policy' which the DFE is intended to shield from 'judicial second guessing,'" and the DFE therefore does not protect the United States from liability for them. *Coulthurst*, 214 F.3d at 111 (noting that the driver of a mail truck who "fail[s] to step on the brake when a pedestrian steps in front of the car,... fail[s] to signal before turning, or ... drive[s] 80 mile[s] per hour[] in a 35 mile per hour zone" is not shielded by the DFE from liability).[5]

The United States' final argument, that the FTCA requires an allegation of

---

[4] The Valets' argument that the federal Noise Control Act constitutes a law "specifically prescrib[ing] a specific course of action" for the USPS to follow, thereby removing any element of judgment or choice from these actions, is unpersuasive. 42 U.S.C. § 4903(b)(2) provides in relevant part that each federal agency or instrumentality "engaged in any activity resulting, or which may result, in the emission of noise, shall comply with Federal, State, interstate, and local requirements respecting control and abatement of environmental noise to the same extent that any person is subject to such requirements." Although the local ordinances with which the NCA requires compliance prohibit the generation of specified levels of noise, including that which may occur during certain hours and at certain locations, these ordinances do not on their face dictate the hours or location of any activity and therefore cannot be said to mandate a specific course of action with respect to the location and hours of operation of the postal facility.

[5] Because it concludes that these actions do not satisfy the second step of the DFE analysis, the Court need not pass upon whether the Noise Control Act's directive requiring federal facilities to comply with local noise ordinances constitutes a statutory mandate sufficient under the first step of the DFE analysis to deprive postal employees of discretion to take any actions that violate those ordinances.

negligent conduct and that a nuisance claim is therefore not cognizable under the FTCA, is also without merit. While the FTCA forecloses the possibility of liability without fault, neither a plain reading of the statutory language nor the caselaw construing the statute forecloses liability based upon an allegation of wrongful conduct or misfeasance apart from negligence. *See New York v. Shore Realty Co.*, 648 F. Supp. 255, 266 (E.D.N.Y. 1986) ("The [FTCA] excludes liability based solely on the ultrahazardous nature of the activity but permits liability based on the wrongful or careless acts of the government for which it would be made liable under State law."). *Cf. Daehlite v. United States*, 346 U.S. 15, 45 (1953) (rejecting a nuisance claim based upon the government's engagement in an ultrahazardous activity on the ground that such a claim involved absolute liability, but noting that the FTCA's legislative history indicated that the statute's reference to "wrongful" conduct was "inspire[ed]" by the tort of trespass, "which might not be considered strictly negligent").

Moreover, under New York law, a party may be liable for private nuisance "'if his conduct is a legal cause of the invasion of the interest in the private use and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities.'" *Theofilatos v. Koleci*, 105 A.D.2d 514, 514 (3d Dep't 1984) (citing *Copart Indus., Inc. v. Consolidated Edison Co.*, 41 N.Y.2d 564, 569 (1977)). The Valets' complaint, which alleges careless and unreasonable actions on the part of postal employees, can be construed as asserting a claim under either of the first two nuisance theories. Because the Valets' complaint does not seek to hold the United States strictly liable, it states

a claim under the FTCA for a "wrongful" act.[6]

## II.

The motion to dismiss is denied. Because injunctive relief is not available under the FTCA, see, e.g., Birnbaum v. United States, 588 F.2d 319, 335 (2d Cir. 1987), the remedy sought by the Valets will be limited to monetary damages.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
March 8, 2006

---

[6]Numerous cases, while not directly addressing the issue, have allowed nuisance claims to proceed under the FTCA. See, e.g., Huffman v. United States, 82 F.3d 703 (6th Cir. 1996); Bartleson v. United States, 96 F.3d 1270 (9th Cir. 1996); Hoery v. United States, 324 F.3d 1220 (10th Cir. 2003); Callahan v. United States, 329 F. Supp. 2d 404 (S.D.N.Y. 2004).

7